## FERRER v. THE PEOPLE.

### APPEAL from the District Court of Ponce.

No. 252.—Decided June 3, 1908.

DAMAGES AND LOSSES—PROOF OF ORIGIN, EXISTENCE AND AMOUNT THEREOF—
ELIMINATION OF STATEMENT OF THE CASE.—Every judgment for damages and
losses must be based upon proof of the origin, existence and amount thereof,
and in the case at bar the statement of the case having been eliminated be-
cause it was submitted to the trial judge for approval after the expiration of
15 days from the date on which judgment was rendered, this court cannot
review the evidence in order to determine whether or not the origin, existence
and amount of the damages and losses sought to be recovered have been duly
proven.

The facts are stated in the opinion.

*Messrs. Boerman and Llorens* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The plaintiff, Antonia Ferrer y Calvo, substantially al-
leged in her sworn complaint, filed in the District Court of
Ponce, that she is at present the owner of the "Porvenir" es-
tate, which in 1900 belonged to Simon Pierluissi, and that on
said date The People of Porto Rico had entered on such lands
through its employes, destroyed plantations, and took posses-
sion of a strip and built a road; that the defendant did this
without an order of condemnation or the judgment of any
court, violently and against the will of the owner; that no
indemnity has been paid for the damages thus caused; and
that Pierluissi assigned to the plaintiff all his rights and ac-
tions against the defendant on account of such acts; that said
Pierluissi, when these events occurred, filed claims in the De-
partment of Public Works of this Island in 1901, 1902, and
1903, all of which claims were disregarded.

The complaint was filed in said court on October 28, 1905,
demanding that The People of Porto Rico be adjudged to pay

immediately the sum of $6,000 as indemnity for the damages sustained from a variety of causes, which are enumerated.

The People of Porto Rico, through the Attorney General and the *fiscal* of the District of Ponce, made answer to said complaint denying the facts on which it is based, on the ground that they were not true, and alleging that the action of the plaintiff had prescribed by operation of law, according to the provisions of section 1869 of the Civil Code, inasmuch as more than one year had elapsed since the obligation had arisen, without any action having been brought, and praying that the complaint be dismissed with the costs against the plaintiff.

The trial having been had and ample evidence heard, the Judge of the District Court of Ponce rendered judgment on November 15, 1907, "dismissing the complaint with the costs against the plaintiff, without prejudice to her right to file a new complaint, under the terms set forth in the judgment itself, and without prejudice to the right of the defendant to oppose to such complaint any defense which it might deem in accordance with the law."

On December 3, 1907, the plaintiff took an appeal from the foregoing judgment, which, she claims, was entered on November 15—that is to say, on the same date the judgment was rendered.

A statement of facts was received in this court which, on motion of the *fiscal,* duly argued, and, by order of this court of April 24 last, was ordered eliminated from the record of this appeal, because the said statement was submitted to the Judge of the District Court of Ponce outside of the legal period.

The parties filed their briefs in this Supreme Court and made oral arguments at the hearing in support of their respective contentions.

There is no necessity for considering or deciding the questions raised by the appellant in her brief and in the oral argument made in this Supreme Court at the hearing, because, in

the condition in which it is, this appeal answers no practical purpose.

All that we have on which to decide this appeal is the complaint, by which it is sought to recover $6,000 on divers grounds as damages caused, it is alleged, by The People of Porto Rico, the answer to the complaint denying all the facts alleged and the judgment which does not sustain them.

It is a doctrine which has been constantly recognized and announced by the Supreme Court of Spain that every award of damages, whether derived from the nonperformance of a contract or whether determined by the law, must be preceded by sufficient justification of the reality and existence of the damages sought to be recovered.

See among other decisions of the Supreme Court of Spain those of January 9, 1897, and September 30, 1898. And in this case we cannot determine whether or not the origin, existence, and amount of the damages sought to be recovered have been proved.

First. Because there is no statement of facts, inasmuch as that presented was ordered stricken out of the record of this appeal; and

Second. Because, even were it possible to take into consideration this statement of facts, which cannot be done, it would still be found that, inasmuch as questions of fact are involved, we would be unable to weigh the evidence, because the appeal was taken after the expiration of the 15 days allowed under subdivision one, paragraph two, section 295 of the Code of Civil Procedure.

The foregoing doctrine has been maintained in a number of appeals decided by this Supreme Court.

See among other cases that of *Sucesores de Olivas & Co. v. J. Matienzo & Co.*, decided March 18 of the current year.

With the elements at hand for the decision of this appeal no alternative is left but to sustain the judgment appealed

from and affirm the adjudging portion thereof, taxing the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.